Marc E. Hankin (SBN: 170505)
Marc@HankinPatentLaw.com
Kevin Schraven (SBN: 259446)
Kevin@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA  90025
Tel: (310) 979-3600
Fax: (310) 979-3603

Attorneys for PLAINTIFF,
**WTP IP HOLDINGS, LLC**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WTP IP HOLDINGS, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>        v.<br><br>MAM GROUP, LLC, a California limited liability company, JOSE MICLAT, an individual, and LAURA MICLAT, an individual,<br><br>        Defendants. | CASE No.<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR:**<br><br>1. **DIRECT AND CONTRIBUTORY TRADEMARK INFRINGEMENT PURSUANT TO SECTION 32 OF THE LANHAM ACT;**<br>2. **DIRECT AND CONTRIBUTORY TRADEMARK INFRINGEMENT PURSUANT TO SECTION 43(A) OF THE LANHAM ACT;**<br>3. **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION PURSUANT TO SECTION 43(A) OF THE LANHAM ACT;**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT;**<br>5. **COMMON LAW UNFAIR COMPETITION;**<br>6. **VIOLATION OF CAL. BUS & PROF CODE §§ 14245 AND 17200, ET. SEQ.; AND**<br>7. **BREACH OF SETTLEMENT AGREEMENT;**<br><br>**DEMAND FOR JURY TRIAL.** |

Plaintiff WTP IP HOLDINGS, LLC ("WTP" or "Plaintiff") for its Verified Complaint against defendants MAM GROUP, LLC, ("MAM"), a California limited liability company, JOSE MICLAT, ("JOSE") an individual, and LAURA MICLAT ("LAURA"), an individual (collectively "Defendants") states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367 because this action involves claims arising under the Lanham Act, 15 U.S.C. §1051, et seq., and related state-law claims.

2.      This Court has personal jurisdiction over Defendants who, upon information and belief, are citizens and domiciliaries of the State of California and this District.

3.      Venue in this District is proper under 28 U.S.C. §§ 1391(b)(1) because Defendants, upon information and belief, are residents of this District and the acts complained of have been committed in this District.

## NATURE OF THE ACTION

4.      Plaintiff brings this action against Defendants as a result of their deliberate and willful uses of Plaintiff's trademarks without Plaintiff's authority, and/or their causing, inducing or materially contributing to such uses, which constitute: (a) direct and contributory trademark infringement, unfair competition and false designation of origin under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); (b) common law trademark infringement and unfair competition; and (c) violations of California Business and Professions Code §§ 14245 and 17200, *et. seq.*

5.      Plaintiff also brings this action against Defendants as a result of their deliberate and willful breach of a Deal Points agreement by refusing to comply with the terms agreed thereto.

6.      Plaintiff seeks to recover liquidated, actual, punitive and treble damages,

along with Defendants' profits, as well as costs and attorneys' fees, arising from Defendants' conduct and permanent injunctive relief.

## PARTIES

7.     Plaintiff WTP is a limited liability company organized and existing under the laws of the State of Delaware, with a place of business at 113 Barksdale Professional Center, Newark, DE 19711. WTP owns and operates a directory service that lists businesses that provide legal document preparation services. WTP is also a trademark licensor.

8.     Defendant MAM Group, LLC, now suspended, a California limited liability company, upon information and belief, was a legal document preparation service, which formerly did business as "WE THE PEOPLE OF BREA," with its principal place of business at 649 West Imperial Highway, Suite G, Brea, California 92821, solely owned and run by Jose and Laura.

9.     Defendant Jose Miclat, upon information and belief, is an owner and manager of MAM, and resides at 1731 Shenandoah Drive, Claremont, California 91711.

10.     Defendant Laura Miclat, upon information and belief, is an owner and manager of MAM, and resides at 1731 Shenandoah Drive, Claremont, California 91711.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

11.     WTP is a directory listing service of businesses that provide legal document preparation and related services all across the United States and within California.

12.     WTP, its licensees, its predecessors and it and its predecessors' licensees have been using trademarks incorporating the phrase WE THE PEOPLE (the "Marks") in connection with legal document preparation services since at least as early as 1985. The Marks are utilized commercially in interstate commerce.

13.    WTP owns three Federal Trademark Registrations for the Marks: Registration No. 2,075,797, for WE THE PEOPLE, for paralegal and computerized legal document preparation services; Registration No. 3,560,049, for WE THE PEOPLE DOCUMENT PREPARATION SERVICES, for paralegal services; and Registration No. 4,161,415, for WE THE PEOPLE TAX PREPARATION SERVICES, for tax preparation services.   A true and correct copy of each of the Registered Trademarks' Trademark Electronic Search System is attached hereto as Exhibit A.

14.    WTP also owns and operates the website, http://www.wethepeopleusa.com, which provides information regarding its directory listing services, offers a directory of stores owned by its members, and lists stores owned by its subscribers, including stores in California.   Given the ability of customers of Plaintiff's licensees to access its licensee's services through the Internet, Plaintiff effectively is doing business in the Brea area.   A true and correct copy of a screenshot of http://www.wethepeopleusa.com is attached hereto as Exhibit B.

15.    In or around January 2012, WTP discovered that Defendants were, without WTP's authorization, using the name "WE THE PEOPLE" in connection with legal document preparation services.

16.    Upon information and belief, Defendants' store-front prominently displayed signage bearing the words "WE THE PEOPLE" and that its employees answered the business telephone as, "We the People," at least as late as September 24, 2014, and continues to do so.   True and correct copies of photographs of Defendants' storefront taken on September 27, 2014 are attached hereto as Exhibit C.

17.    Upon information and belief, Defendants own and operate a website, through Jose, titled "Unified Documents," which is located at the URL http://www.wtpofbrea.com, which, upon information and belief, was created in or around 2010 (the "Website").   The Website provides information about and offers

legal document preparation services.   A true and correct copy of a screenshot of http://www.wtpofbrea.com is attached hereto as Exhibit D.

18.     In addition, upon information and belief, Defendant has advertised and marketed themselves using the Marks on various Internet listings, including on Twitter at http://www.twitter.com/wtpofbrea.  On information and belief, this Twitter account is Jose Miclat's personal Twitter account.   A true and correct copy of a screenshot of the wtpofbrea Twitter account is attached hereto as Exhibit E.

19.     Beginning in January 2012, and thereafter, WTP sent communications to Defendants notifying them of WTP's prior rights in the Marks and demanding that Defendants cease and desist from any use of the Marks because they were causing, and likely to cause, consumer confusion and harm to WTP.

20.     Defendants did not respond to WTP's communications and continued to unlawfully use the Marks.

21.     WTP filed a Complaint on December 21, 2012 in the United States District Court for the Central District of California (Southern Division – Santa Ana) with Case #: 8:12-cv-02211-JVS-AN ("the Prior Case").  A true and correct copy of the Complaint is attached hereto as Exhibit F.

22.     WTP and Defendant entered into Court Ordered Mediation on August 8, 2013, and came to an agreement wherein a "Deal Points" Agreement was executed by all parties to the lawsuit in the Prior Case.  A true and correct copy of the Deal Points Agreement is attached hereto as Exhibit G.

23.     The Prior Case was Dismissed Without Prejudice on August 21, 2013. A true and correct copy of the Order of Dismissal of the Prior Case is attached hereto as Exhibit H.

24.     Upon belief and information, as late as September 24, 2014, Defendants continued to, and still do, answer their business phone number, (714) 255-9110, as "We the People."

25.     Defendants' continued use of the Marks is willful and has caused and/or is likely to cause consumer confusion and harm to Plaintiff's goodwill.

## **FIRST CLAIM FOR RELIEF**

(Direct and Contributory Trademark Infringement

pursuant to Section 32 of the Lanham Act)

26.     Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-25 above as if set forth fully herein.

27.     Defendants have used and are using the Marks and/or have induced or materially contributed to such use in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendants' legal document preparation services.

28.     Defendants' use of the Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

29.     Defendants' continued use of the Marks without Plaintiff's consent and and/or causing, inducing or materially contributing to such use constitutes direct and/or contributory trademark infringement pursuant to Section 32 of the Lanham Act, 15 U. S .C. § 1114.

30.     Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

31.     Defendants' acts were done intentionally and with knowledge of Plaintiffs rights, and thus constitute deliberate and willful infringement.

32.    As a result of this trademark infringement, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

(Direct and Contributory Trademark Infringement

pursuant to Section 43(a) of the Lanham Act)

33.    Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-32 above as if set forth fully herein.

34.    Defendants have used and are using the Marks and/or have induced or materially contributed to such use in commerce in connection with the sale, offering for sale, distribution, and advertising of Defendants' legal document preparation services.

35.    Defendants' use of the Marks is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Plaintiff, all to the damage and detriment of Plaintiff's reputation and good will.

36.    Defendants' continued use of the Marks without Plaintiff's consent and and/or causing, inducing, or materially contributing to such use constitutes direct and contributory trademark infringement pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.    Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

38.    Defendants' acts were done intentionally and with knowledge of

1  Plaintiff's rights, and thus constitute deliberate and willful infringement.

2     39.    As a result of this trademark infringement, Plaintiff has sustained and

3  continues to sustain damages in an amount to be determined at trial, plus interest,

4  costs, and attorneys' fees.

5                       **THIRD CLAIM FOR RELIEF**

6            (False Designation of Origin and Unfair Competition

7               pursuant to Section 43(a) of the Lanham Act)

8     40.    Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-39

9  above as if set forth fully herein.

10    41.    Defendants' continued use of the Marks without Plaintiff's consent

11 and/or causing, inducing or materially contributing to such use constitutes false

12 designation of origin and unfair competition pursuant to Section 43(a) of the Lanham

13 Act, 15 U.S.C. § 1125(a).

14    42.    Irreparable harm to Plaintiff is imminent as a result of Defendants'

15 conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled

16 to an injunction restraining Defendants, their officers, directors, agents, employees,

17 representatives, and all other persons acting in concert with them, from engaging in

18 further such unlawful acts.

19    43.    Defendants' acts were done intentionally and with knowledge of

20 Plaintiff's rights.

21    44.    As a result of Defendants' false designation of origin and unfair

22 competition, Plaintiff has sustained and is continuing to sustain damages in an amount

23 to be determined at trial, plus interest, costs, and attorneys' fees.

24                     **FOURTH CLAIM FOR RELIEF**

25               (Common Law Trademark Infringement)

26    45.    Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-44

27 above as if set forth fully herein.

28

COMPLAINT AND DEMAND FOR JURY TRIAL

46.     Defendants' continued use of the Marks without Plaintiff's consent and and/or causing, inducing, or materially contributing to such use constitutes trademark infringement under California common law.

47.     Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such infringing acts.

48.     Defendants' acts were done intentionally and with knowledge of Plaintiff's rights, and thus constitute deliberate and willful-infringement.

49.     As a result of this trademark infringement, Plaintiff has sustained continues to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

50.     Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-49 above as if set forth fully herein.

51.     Defendants' continued use of the Marks without Plaintiffs' consent and/or causing, inducing, or materially contributing to such use constitutes unfair competition under common law.

52.     Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction, restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such unlawful acts.

53.     Defendants' acts were done intentionally and with knowledge of Plaintiffs' rights.

54.     As a result of Defendants' unfair competition, Plaintiff has sustained and is continuing to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## SIXTH CLAIM FOR RELIEF

(Violation of California Business and Professions Code
§§ 14245 and 17200, et. seq.)

55.     Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-54 above as if set forth fully herein.

56.     Defendants' conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent and/or deceptive business acts and/or practices in the conduct of any trade or commerce in violations of California Business and Professions Code § 17200.

57.     Defendants' conduct, in violation of California Business and Professions Code §§ 14245 and 17200, *et seq.*, has caused, and is likely to cause, public confusion, deception, mistake, and infringes Plaintiff's rights, including its trademark rights and good will associated with it.

58.     Irreparable harm to Plaintiff is imminent as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is thus entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all other persons acting in concert with them, from engaging in further such unlawful acts.

59.     As a result of Defendants' actions, Plaintiff has sustained and is continuing to sustain damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF

(Breach of Settlement Agreement)

60.     Plaintiff repeats and re-alleges the allegations stated in paragraphs 1-59

above as if set forth fully herein.

61.     On or about August 8, 2013, Plaintiff and Defendants entered into a written "Deal Points" Settlement Agreement in which Plaintiff and Defendants agreed to the following obligations:

a.  Defendants shall pay WTP $2,500 by August 11, 2013;

b.  Defendants shall pay WTP $375 per month starting on October 1, 2013 until and including September 1, 2013;

c.  Defendants shall pay WTP $425 per month starting on October 1, 2017 until and including September 1, 2021;

d.  Defendants shall cease and desist from any use of the words "WE THE PEOPLE" or confusingly similar words in its business name or domain name, signage, in telephone listings, on its website, on its Twitter and Facebook pages and in advertising and in all other marketing materials for its business by no later than November 8, 2013;

e.  Defendants shall transfer to WTP by October 8, 2013, the domain name wtpofbrea.com, the Twitter® name "wtpofbrea," and any other domain names or social media account names that it owns or controls containing the letters "WTP" or the words "WE THE PEOPLE";

f.  Defendants agree to not use the words "WE THE PEOPLE" or confusingly similar words in any legal document preparation business that they currently or in the future own or control;

g.  Defendants shall return to WTP or destroy all legal preparation materials using the WTP Marks by November 8, 2013;

h.  Defendants may advise its existing customers of its new name followed by "Formerly We The People of Brea" up to and until December 15, 2013, but may do so only privately (orally or in writing, including emails), that is, it may not do so on any internet website in such manner as would cause a

search to lead to Defendant's website(s);

i.   Defendants will sign a Stipulation of Judgment with Injunctive Relief by August 13, 2013, which includes a judgment against Defendants, jointly and severally, in the amount of $62,700;

j.   Defendants shall set forth in a sworn statement its compliance with the above Name Change Procedures on the dates set forth;

k.   Defendants shall provide a general release to WTP; and

l.   WTP shall provide a general release to Defendants.

62.   WTP performed all conditions, covenants, and promises under the Deal Points Agreement to be performed as the condition, covenant, or promise came due.

63.   Defendants have breached the Deal Points Agreement by willfully, wrongfully, maliciously, and oppressively failing to transfer to WTP by October 8, 2013, the domain name wtpofbrea.com, the Twitter® name "wtpofbrea," or any other domain names or social media account names that it owned or controlled containing the letters "WTP" or the words "WE THE PEOPLE".

64.   Defendants have breached the Deal Points Agreement by willfully, wrongfully, maliciously, and oppressively failing to provide a sworn statement of its compliance with the Name Change Procedures.

65.   On August 28, 2013, WTP sent, in good faith, an initial Draft of the Final Settlement Agreement and Stipulation of Judgment to Defendants for their review. Defendants failed to respond to the initial Draft of the Final Settlement Agreement and Stipulation of Judgment, even after WTP followed up with Defendants twice, once on September 11, 2013 and once on September 17, 2013.  It was only after WTP wrote to the Mediator on September 24, 2013 did Defendants finally respond with revisions on September 27, 2013.  On October 24, 2013, WTP accepted Defendants' revisions, and responded with only minor changes.  Again, Defendants failed to respond, and, as a result, on November 19, 2013, WTP sent a five (5) day Notice of

Breach of the Terms of the Deal Points. As of today, October 29, 2014, Defendants have not yet responded to the October 24, 2013 or November 19, 2013 communications. A true and correct copy of WTP's communications with Defendants regarding finalizing the Final Settlement Agreement and Stipulation of Judgment is attached hereto as Exhibit I.

66. Defendants have breached the Deal Points Agreement by willfully, wrongfully, maliciously, and oppressively failing to execute a Stipulation of Judgment which was to include provisions for injunctions and a stipulated judgment of $62,700.

67. Defendants have breached the Deal Points Agreement by willfully, wrongfully, maliciously, and oppressively failing to make the agreed upon monthly payments in the amount of $375 per month, by not making the agreed upon monthly payment on June 1, 2014, or any payments thereafter. A true and correct copy of WTP's Balance Statement for Defendants is attached hereto as Exhibit J.

68. WTP sent Defendants a Past Due Notice on August 21, 2014 regarding its obligations to make monthly payments.

69. Defendants have not remedied its above mentioned failures to satisfy its obligations according to the Deal Points Agreement as of the date of filing of this Complaint.

70. As a proximate result of the acts, conduct, and breaches on the part of Defendants, as set forth above, Plaintiff has suffered expense and damage in the sum of at least $62,700.00, and loss of profit in the sum of $20,900.00. The total of the monies due and damages caused by Defendants to Plaintiff is at least $83,600.00 plus additional amounts to be proven at Trial for the additional six Claims for Relief above.

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff prays for judgment to be entered in its favor and against Defendants, and each of them, as follows:

A.   That Defendants, their officers, agents, employees, representatives, servants, successors, assigns and all persons, firms, corporations or entities either acting directly or indirectly in concert with them or under their direction, control, or authority, be permanently enjoined from further use of the Marks and enjoined from further use of the Marks during the pendency of this action;

B.   That Plaintiff be awarded the damages that Plaintiff has sustained and the profits that Defendants have derived as a result of their trademark infringement, false designation of origin, unfair competition and other misconduct specified herein, in an amount to be determined at trial;

C.   That Plaintiff be awarded treble damages in accordance with section 35 of the Lanham Act, 15 U.S.C. § 1117, and/or awarded exemplary or punitive damages as is deemed appropriate because of the willful and intentional nature of Defendants' conduct;

D.   That Plaintiff be awarded interest and costs of this action together with statutory attorneys' fees pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117;

E.   That Defendants be ordered to make restitution to Plaintiff for any unjust enrichment caused by virtue of their unlawful conduct as complained of herein; and

F.   That Plaintiff be granted such other and further relief as the Court deems just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:  October 29, 2014

Respectfully Submitted,
**HANKIN PATENT LAW, APC**

By:  /Marc E. Hankin/
_____
Marc E. Hankin (SBN# 170505)
Attorney for PLAINTIFF,
**WTP IP HOLDINGS, LLC**

15

1

## **JURY TRIAL DEMANDED**

2

      Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6(a),

3

Plaintiff hereby demands a Trial by Jury as to all issues so triable.

4

5
                              Respectfully Submitted,
                              **HANKIN PATENT LAW, APC**

6

7
Date:  October 29, 2014            By:  /Marc E. Hankin/

                              _____

8
                              Marc E. Hankin (SBN# 170505)

9
                              Attorney for PLAINTIFF,
                              **WTP IP HOLDINGS, LLC**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I am a co-owner and Member of PLAINTIFF, WTP IP HOLDINGS, LLC.  I have read the foregoing Verified Complaint and Exhibits thereto, and I know the contents thereof.  The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under the penalties of perjury of the State of California and the United States that the foregoing is true and correct.  Executed at Los Angeles, California, on October 29, 2014.


By:   __/AR Edouni/_____

AR Edouni

COMPLAINT AND DEMAND FOR JURY TRIAL